UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00033-3-DCLC-CRW |
| | ) | |
| DAVID KEITH SWATZELL | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant David Keith Swatzell's letter [Doc. 112], which the Court construes as motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*; his attorney's Supplemental Motion for Sentence Reduction under Guideline Amendment 821, Part A [Doc. 129]; and the United States's Response [Doc. 133]. For the reasons herein, the Court will deny Mr. Swatzell's motions.

**I. BACKGROUND**

In 2016, a grand jury indicted Mr. Swatzell on multiple charges under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. [Indictment, Doc. 6, at 1–2]. He entered into a plea agreement with the United States and pleaded guilty to conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. [Plea Agreement, Doc. 28, at 1]. In the plea agreement, he stipulated that he was responsible for conspiring to distribute and possess with the intent to distribute 150 to 500 grams of methamphetamine. [*Id.* at 3].

At sentencing, he had a criminal history category of VI and a total offense level of 31, which together yielded an advisory guidelines range of 188 to 235 months' imprisonment. [PSR, Doc. 45, ¶ 68; Statement of Reasons, Doc. 79, at 1]. The Court sentenced him to 188

months. [J., Doc. 78, at 2]. Acting pro se, Mr. Swatzell now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, and his Court-appointed attorney has filed a supplemental motion on his behalf. In response, the United States "defers to the Court's discretion whether and to what extent to grant a reduction." [United States's Resp. at 1]. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Swatzell's motions.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that she is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[1] *see* U.S.

---

[1] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[2] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) "ha[s] the effect of lowering [that] defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual

---

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

Case 2:16-cr-00033-DCLC-CRW   Document 137   Filed 12/01/25   Page 3 of 9
PageID #: 698

§ 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the Sentencing Guidelines' criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

4

> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
>
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

The parties agree that Amendment 821—specifically Part A—applies to Mr. Swatzell and lowers his criminal history category to V and his guidelines range to 168 to 210 months. [Def.'s Mot. at 5; United States's Resp. at 3–4]. To be entitled to relief under § 3582(c)(2), however, he must vault one more hurdle: § 3553(a)'s factors. *See United States v. Hughes*, 584 U.S. 675, 689 (2018) ("Even if a defendant is eligible for relief, before a district court grants a reduction it *must* consider 'the factors set forth in section 3553(a) to the extent that they are applicable[.]'" (emphasis added) (quoting 18 U.S.C. § 3582(c)(2))). He contends that his post-sentencing conduct entitles him to a reduced sentence. [Def.'s Mot. at 5–6]; *see generally United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020) ("[C]ourts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering whether to adjust a previously imposed sentence." (citing *Pepper v. United States*, 562 U.S. 476, 487–93 (2011))).

The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *Curry*, 606 F.3d at 331, so it has no obligation to readdress each of them now, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring district courts to consider § 3553(a)'s factors "to the extent that they are applicable"); *United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) (stating that in *Curry* "we held that the district court did not abuse its discretion even though it had not expressly

5

Case 2:16-cr-00033-DCLC-CRW   Document 137   Filed 12/01/25   Page 5 of 9
PageID #: 700

considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary sentencings" (quoting *Curry*, 606 F.3d at 330–31)). "[A]s long as the record *as a whole* demonstrates that the pertinent factors were taken into account," the Court's analysis will be complete and adequate. *Curry*, 606 F.3d at 330–31 (emphasis added) (internal quotation marks and quotation omitted)).

In Mr. Swatzell's case, the factors that the Court will address include § 3553(a)(1), (2), and (4):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . .
>
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C. § 3553(a)(1)–(2), (4). Mr. Swatzell's criminal offense—conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine—is indisputably serious in nature, and so are the circumstances of his offense. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (acknowledging that "drug trafficking is a serious offense"

6

(citations omitted)); *cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave"); *cf. also United States v. Castro*, 960 F.3d 857, 865 (6th Cir. 2020) (recognizing that a hundred grams of heroin is a "large quantit[y] of drugs"); *United States v. Farmer*, No. 95-6637, 1996 WL 694147, at *4 (6th Cir. Dec. 3, 1996) (referring to 150 grams of cocaine base as "a large quantity of narcotics").

In addition, the Court has refamiliarized itself with his presentence investigation report and his history and characteristics and is of the conviction that his time served to date does not outweigh the relevant factors under § 3553(a). *See United States v. Gaston*, 835 F. App'x 852, 855 (6th Cir. 2021) (recognizing that district courts do not abuse their discretion by "assessing prisoners based on who they were at sentencing" and "act[] well within [their] discretion" by "consider[ing] the record from a defendant's initial sentencing when considering modifying his sentence" (citing *Chavez-Meza v. United States*, 585 U.S. 109, 138 (2018)). At sentencing, his criminal history category was VI, the highest possible category. [PSR ¶ 47]. By the age of just twenty-eight, he had amassed 11 countable points for convictions that include drug offenses, reckless aggravated assault, resisting arrest, theft, and domestic assault. [*Id.* ¶¶ 32, 34, 35, 37, 38, 44]. A sentence reduction therefore would not reflect the seriousness of his offense, promote respect for the law, and provide just punishment, nor would it afford adequate deterrence or protect the public from future crimes. *See* USSG § 1B1.10 cmt. n.1(B)(ii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment").

Mr. Swatzell, however, pushes back against the view that he is a danger to the public. Touting his "rehabilitative efforts," "participation in prison programming," and "attempts at

conflict avoidance,"[3] he asserts that he has a "lower risk of reoffending" upon his release from custody. [Def.'s Mot. at 5–6]. But with this assertion, he fails to account for his criminal history category of VI. In a past study, the Sentencing Commission found that defendants between the ages of 30 and 39[4] with a criminal history category of VI had a re-arrest rate of 84.6%. U.S. Sent'g Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* app. at A-44 (2017); *see* U.S. Sent'g Comm'n, *Recidivism Among Federal Offenders: A Comprehensive Overview* 5 (2016) ("A federal offender's criminal history was closely correlated with recidivism rates. Rearrest rates range from 30.2 percent for offenders with zero total criminal history points to 80.1 percent of offenders in the highest Criminal History Category, VI."). And likely due to the directly proportional relationship between a defendant's criminal history category and his rate of recidivism, the BOP, about a year ago, classified Mr. Swatzell as "high risk recidivism level." [BOP Inmate Profile, Doc. 133-3, at 2].

In requesting a sentence reduction, Mr. Swatzell does little to acknowledge his criminal history score or his significant criminal history. Instead, in addressing § 3553(a)'s factors, he contends only that his post-sentencing conduct justifies a sentence reduction. But good behavior and self-improvement are "expected of federal prisoners," *United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021), and without a meaningful analysis of § 3553(a)'s factors—which he does not put forward—his claim of good behavior and self-improvement does not resonate with the Court, *see United States v. Ashford*, No. 2:20-CR-00088-1-JRG-CRW, 2025 WL 876768, at *7 (E.D. Tenn. Mar. 20, 2025) (denying a motion under Amendment 821 partly because the

---

[3] Although Mr. Swatzell contends that he has attempted to avoid conflicts, he has twice received two disciplinary sanctions for assault while in prison. [Inmate Discipline Date, Doc. 133-2, at 2–3]. He has also received numerous other disciplinary sanctions. [*Id.* at 1–3].

[4] Mr. Swatzell is currently 38 years of age. [PSR at 3].

8

Case 2:16-cr-00033-DCLC-CRW   Document 137   Filed 12/01/25   Page 8 of 9
PageID #: 703

defendant, who otherwise qualified for relief, engaged in no "meaningful analysis of § 3553(a)'s factors").

In sum, Mr. Swatzell fails to demonstrate that § 3553(a)'s factors warrant a reduction in his sentence. *See McClain*, 691 F.3d at 777 (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)). Because of the gravity of his offense, his substantial criminal history, and his statistical likelihood of recidivism, a sentence reduction simply would not reflect the seriousness of his offense and conduct, promote respect for the law, or provide just punishment, nor would it afford adequate deterrence or protect the public from future crimes. Section 3553(a)'s factors therefore militate against a reduction in his sentence, and he is not entitled to relief under § 3582(c)(2) and Amendment 821.

### IV. Conclusion

Mr. Swatzell fails to demonstrate that he is entitled to a sentence reduction under § 3582(c)(2) and Amendment 821, and his motions [Docs. 112 & 129] are therefore **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge